IN THE UNITED STATES DISTRICT COURT FOR
IN NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT PALERMO,
        Plaintiff,

v.

UNITED STATES MARSHALS,
UNITED STATES OF AMERICA,
AND PAUL J. VACCA JR.,
        Defendants.

VERIFIED COMPLAINT

FILED
JAN 1 6 2018
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

No. 5:18 cv 7
Stamp
Seibert
Blalock

# I. COMPLAINT FOR DAMAGES

1. Negligence, and Violations of 5th, 8th, and 14th Amendment Rights.

# II. JURY DEMANDED

2. Plaintiff demands a jury trial of his Constitutional and Negligence claims against officers of the U.S. Marshals service, the U.S. of America and Paul J. Vacca jr.

# III. JURISDICTION AND VENUE

3. The court has jurisdiction under 28 U.S.C. §§ 1331, 1346(a), the 5th, 8th, and 15th Amendments to the U.S. Constitution, and the federal tort claims act.

# IV. PARTIES

4. Plaintiff is a resident of West Virginia.

5. Defendant Paul J. Vacca Jr., was my attorney, at all times relevant described in this complaint, and his office is located at 1 East Main Street, Suite 100, Rochester, New York 14614.

This defendant is sued in his individual capacity.

6. Defendant United States of America is sued under the federal tort claims act for negligence and cruel and inhumane treatment as a result of long term solitary confinement, and in violation of due process of law by law enforcement officers of the United States Marshals Service.

7. Defendant U.S. Marshal JOHN DOE, was at all times relevant an employee of the United States Marshal Service, an agency of the United States of America. This defendant is sued in his individual capacity.

## V. FACTS

8. On or about october 31, 2013, I was questioned at Monroe County Jail by task force officer Brian Tucker, and Federal Bureau of Investigation agent (hereinafter "F.B.I") Robert Culpepper, in regards to allegedly attempting to hiring someone to kill a minor girl, I was charged and/ or falsely accussed of pimping, and

9. On November 1, 2013, I left Monroe County Jail (hereinafter "M.C.J") to be transferred to court, subsequently thereafter being brought to the yates County Jail for a six to seven day holdover, before being transported to Corporate corrections of America (hereinafter "CCA"), my final destination located in Youngstown within the State of Ohio; and

10. While being housed at "CCA" for approximately 21 months, I was unable to get adequate legal representation and/ or advice due to my lawyer and federal charges being located within Rochester of New york which is approximately five and a half hours away, and

11. I was locked in a cell for 23 hours a day, and not allowed to make phone calls to family and friends or receive visits.

12. And, when I asked the officers of "CCA" why I was being treated this way, and not allowed in general population with the rest of the inmates,

they simply told me that they were ordered by the U.S. Marshals to place me here in solitary confinement.

13. After being in solitary confinement for so long, officers began telling me that I was the first inmate to break the record in solitary confinement in their facility. I clearly remember one sargeant by the name of Sullivan telling me this.

14. And, what was so disturbing is that I was never afforded a hearing or review to determine how long my solitary confinement should last.

15. While at "CCA" I ended up being prescribed Zoloft and other medications in order to cope with anti social disorder, anxiety and talking to myself, which was developed due to this confinement, and me being away from human communication for so long.

16. I did not receive one visit from my lawyer while housed at "CCA", and

17. I was only afforded one phone call from my lawyer during my stay at "CCA".

18. Upon information and belief my placement in solitary confinement was due to new federal charges allegedly being filed against me for conspiracy to murder a witness, in addition to sex trafficking the offense that initially led to my arrest, and

19. I was never indicted on the new charges of conspiracy to murder a witness allegedly filed against me, and

20. My attorney never filed any motions of discovery, and/ or dismissal of the charges of conspiracy to murder a witness filed against me, which were not presented to a grand jury according to the statute of limitations.

21. In fact, I did not waive my right to indictment of the new charges, and only agreed to a information being filed on 2/9/15 as part of a plea agreement, which was 16 months after my placement in solitary confinement, and realizing that my attorney was not doing anything to exonerate me on this new charge.

22. I did not want to plea to conspiracy to murder a witness, and only agreed too, because of lack of being able to meet with my attorney to figure things out and work on a defense, and I was afraid of being in jail for a sex offense I did not commit, and decided it would be safer if I was convicted for conspiracy to murder a witness, if I had to serve time for anyone of these crimes which i did not commit, and I could not take it anymore with being in solitary confinement, and

23. Although my attorney made " a request " to the court to have me moved closer to him during the pendency of criminal charges against me, he failed to pursue this issue anymore than that request, and he failed to demonstrate to the court and U.S. Marshal Service any rules, policies and/ or procedures as to why his request was necessary in his defense of my case, and/ or the foreseeable/ unreasonable risk of harm if this request was denied in addition to my placement in solitary confinement and the affects of it in relation to his defense and my participation being of sound mind and body.

24. As a result of the acts and/ or inactions of my attorney described in the paragraphs above, I suffered pain in suffering in that I was never afforded fair representation in my case, and ability to give input, review information and participate in my defense, which resulted in me making uninformed decisions due to lack of notice of information being used to prosecute me, together with being in a very stressful enviroment that solitary confinement creates and the mental and emotional stress of being denied communications and support of family and friends through telephone alls and visits. Furthermore, I serve a 11 year sentence which contributes to this.

25. As a result of the acts of the officers of U.S. Marshal Service described in paragraphs above, I experienced pain and suffering in that I sustained mental and emotional distress, lack of apetite, and loss of sleep. I had to be prescribed zoloft and other medications while at "CCA" because of this. I also was unable to receive adequate legal representation and/ or advice, as well as a meaningful oppurtunity to participate in the defense of my own case by not having immediate and/ or convenient access to my attorney whose office and place of residence was located 5 1/2 hours away from "CCA". As a further result of the acts of the officers for the U.S. Marshal Services, I was under extreme pressure and very vulnerable due to the undesirable enviroment created in solitary confinement, which played a factor in me pleading guilty to my criminal charges so that I could find peace and relief within a different atmosphere.

## VI. COMMON LAW CLAIMS AGAINST UNITED STATES
### (FTCA)

26. The actions of officer JOHN DOE, set forth in paragraphs described above constitute Negligence, and Cruel and Unusual Punishment of placing me in long term solitary confinement without a hearing or a review process in violation of due process of law. Under Federal Tort Claims Act, the defendant United States of America is liable to the plaintiff for the unlawful actions of officer JOHN DOE, as he was acting within the scope of his employment as a law enforcement officer of the United States Marshal Service. I seek $200,000.00 (Two hundred thousand dollars) on these claims.

## VII. CONSTITUTIONAL CLAIMS AGAINST OFFICER JOHN DOE
### (BIVENS CLAIM)

27. The actions of officer JOHN DOE set forth in paragraphs described above violated my rights to be free from cruel and unusual punishment "and" deprivation of life, liberty or property without due process of law. Defendant JOHN DOE is liable to the plaintiff for these unlawful actions in violation of the Constitution. I seek $200,000.00 (Two Hundred Thousand dollars) on these claims.

## VIII. CONSTITUTIONAL CLAIMS
## AGAINST ATTORNEY PAUL J. VACCA JR.
## (BIVENS CLAIM & NEGLIGENCE COMMON LAW CLAIM)

28. The actions of Attorney Paul J. Vacca Jr., set forth in paragraphs described above constitute Negligence, and violated my rights to be free from cruel and unusual punishment "and" deprivation of life, liberty or property without due process of law. Defendant Paul J. Vacca Jr. is liable to plaintiff for the unlawful actions and/ or inactions related to acting within the scope of his employment to represent me in the defense of criminal charges filed against me. I seek $200,000.00 (Two Hundred Thousand dollars) on these claims.

## IX. PRAYER FOR RELIEF

A. On the claims described in relevant paragraphs above, the plaintiff ask the court to enter judgment against defendant United States of America, and to hold the defendant United States of America liable to the plaintiff for compensatory damages.

B. On the claims described in relevant paragraphs above, the plaintiff ask the court to enter judgment against defendant U.S. Marshall JOHN DOE, and hold defendant JOHN DOE liable to plaintiff for punitive damages.

c. On the claims described in relevant paragraphs above, the plaintiff ask the court to enter judgment against defendant Paul J. Vacca Jr., and hold defendant Paul J. Vacca Jr. liable to plaintiff for compensatory and punitive damages

D. For the injuries that the plaintiff suffered as a result of the claims, the plaintiff ask the court to hold all defendants jointly and severally liable for compensatory damages and the cost of this action.

## X. JURY DEMAND

Plaintiff demands a jury trial of his constitutional claims against defendants U.S. Marshal JOHN DOE and Paul J. Vacca Jr..

Dated : January 9 , 2018

*Robert Palermo*
ROBERT PALERMO,
Plaintiff, Pro se
USM No. 22407-055
F.C.I. Hazelton
PO Box 5000
Bruceton Mills, WV 26525
Email : none
Phone : none